## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRAD LEE DAVIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SCOTT NUNN, )<br>)<br>Respondent. ) | Case No. CIV-21-1028-SLP |

### **O R D E R**

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner, appearing pro se, challenges his state court conviction in Case No. CF-2014-30, District Court of Pottawatomie County, State of Oklahoma. Before the Court is Magistrate Judge Gary M. Purcell's Report and Recommendation [Doc. No. 17] (R&R). Judge Purcell recommends granting Respondent's Motion to Dismiss [Doc. No. 11] on grounds the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and (C).

Petitioner has filed an objection to the R&R. *See* Petitioner's Obj. [Doc. No. 23]. And Respondent has also filed an objection to the R&R. *See* Respondent's Obj. [Doc. No. 18]. The Court, therefore, must make a de novo determination of the portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner argues the statute of limitations period under 28 U.S.C. § 2244(d) does not apply because he brings a jurisdictional challenge to his Oklahoma state-court conviction under *McGirt v. Oklahoma*, -- U.S. --, 140 S.Ct. 2452 (2020). He further argues

statutory tolling renders his Petition timely filed. *See* 28 U.S.C. § 2244(d)(2). He also objects to the R&R because the Magistrate Judge failed to consider his argument in support of equitable tolling of the limitations period.[1] Respondent's sole objection to the R&R is that the dismissal of the Petition as untimely should be "with prejudice" instead of "without prejudice" as designated by the Magistrate Judge.

On de novo review, the Court concurs with the analysis set forth in the R&R. As the Magistrate Judge found, Petitioner's claims are untimely under § 2244(d)(1)(A) as his conviction became final on July 27, 2015 and his limitations period expired one year later on July 27, 2016. R&R at 4. The instant Petition, filed more than five years later in October 2021, is untimely. Petitioner does not challenge this finding in his objection.

Moreover, the *McGirt* decision did not recognize a new constitutional right. Accordingly, Petitioner cannot rely on § 2244(d)(1)(C) as the triggering date for the statute of limitations. R&R at 4-8; *see also Hill v. Nunn,* No. CIV-21-1209, 2022 WL 597274 at *1 (W.D. Okla. Feb. 28, 2022) ("[T]he McGirt decision did not recognize a new constitutional right" and, accordingly, "Petitioner cannot rely on § 2244(d)(1)C) as the triggering date for the statute of limitations."); *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) ("Courts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C) for habeas challenges to state-court

---

[1] To the extent Petitioner raises additional arguments in objecting to the R&R that were not raised in response to the Motion to Dismiss, the Court does not address those arguments *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

jurisdiction." (citing *Littlejohn v. Crow*, No. 18-CV-477-CVE-JFJ, 2021 WL 3074171 at *5 (N.D. Okla. July 20, 2021)); *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one"). Again, Petitioner does not challenge this finding.

Instead, Petitioner argues AEDPA's statute of limitations does not apply because the state court lacked jurisdiction. But that argument is without merit and has been rejected on numerous occasions by district courts within the Tenth Circuit. "'As with any other habeas claim,' . . . § 2254 claims predicated on the convicting court's lack of jurisdiction are 'subject to dismissal for untimeliness.'" *Jones*, 2021 WL 3854755, at *3 (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011));[2] *see also Doak v. Nunn*, No. CIV-21-1032-D, 2022 WL 987656 at *3 (W.D. Okla. March 31, 2022) ("Petitioner's assertion that a challenge to the state court's jurisdiction on habeas review is not subject to the limitations period set in § 2244(d)(1) lacks merit."); *Davis v. Crow*, No. CIV-22-162-F, 2022 WL 885046 at *1 (W.D. Okla. March. 24, 2022) (applying §2244(d) to jurisdictional challenge under McGirt and state "[t]he Tenth Circuit has previously rejected the argument that issues of subject matter jurisdiction are never waived and may be raised

---

[2] Petitioner argues that *Morales* is an unpublished Tenth Circuit decision and because it lacks any precedential value, has been erroneously relied upon by district courts considering this issue. This Court has previously found *Morales* persuasive. *See Hill*, 2022 WL 597274 at *1. And, as set forth, district courts within the Tenth Circuit considering this issue have similarly relied on *Morales* and found the limitations period under 28 U.S.C. § 2244(d) applies to jurisdictional challenges, like those raised by Petitioner, that are premised on an alleged "void ab initio" conviction.

3

at any time"); *Cole v. Pettigrew*, 2021 WL 1535364, at *2 n. 4 (N.D. Okla. Apr. 19, 2021) ("Regardless of whether Cole can raise a challenge to the trial court's subject-matter jurisdiction in state court, free of any time limitations, the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction.").

Petitioner's argument that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) is also unavailing. As the Magistrate Judge found, Petitioner is not entitled to statutory tolling based on his state post-conviction application, filed July 31, 2020, because the one-year limitations period had already expired. R&R at 8-9;[3] *see also Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired]."); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

But Petitioner further contends he is entitled to statutory tolling referencing his motions for judicial review filed pursuant to Okla. Stat. tit. 22, § 982a. The Magistrate Judge did not address this issue. Yet, Petitioner premised the timeliness of his Petition on this very argument. *See* Resp. at 6-7 (arguing that Petitioner does not rely on § 2244(d)(1) as the basis for timeliness of Petition, but that "it is section 2244(d)(2) which applies" and

---

[3] *See* Application for Post-Conviction Relief [Doc. No. 12-2] (filed July 30, 2020). The R&R erroneously references the filing date of Petitioner's application for post-conviction relief as July 20, 2020. *See* R&R at 9. The date discrepancy, however, is immaterial.

that "Oklahoma's mechanism for judicial review – 22 O.S. § 982a – is one of collateral review under AEDPA"); *see also id.* at 7-10.

"The Supreme Court has defined 'collateral review' as 'judicial review of a judgment in a proceeding that is not part of direct review,' including motions to reduce sentence under state law." *Najera v. Murphy*, 462 F. App'x 827, 830 (10th Cir. 2012) (applying Wyoming law) (quoting *Wall v. Kholi*, 562 U.S. 545, 547 (2011) (holding that a motion to reduce sentence under Rhode Island state law was "collateral review" and tolled the AEDPA statute of limitations); *see also Neiberger v. McCollum*, 577 F. App'x 850, 853 (10th Cir. 2014) ("We also agree with the district court that Defendant was entitled to tolling under § 2244(d)(2) for the 11 days from the time he filed his motion for sentence modification to the time the state court denied the motion.") (applying Oklahoma law).

As Respondent acknowledges in its Motion, whether statutory tolling is implicated by motions for judicial review under Oklahoma law is an unresolved issue in the Tenth Circuit. *See* Mot. at 6, n. 3 (citing *Randall v. Allbaugh*, 662 F. App'x 571, 573 n. 3 (10th Cir. 2016)); *see also Ameen v. Clayton*, 829 F. App'x 864, 865 (10th Cir. 2020) (assuming, without deciding, that statutory tolling applied to time during which motion for judicial review under Okla. Stat. tit. 22, § 982a was pending and noting the issue is unresolved in the Tenth Circuit). But even if a motion for judicial review qualified for statutory tolling, here, Petitioner did not file any motions for judicial review until after expiration of the one-year limitations period. *See* Pottawatomie County District Court Order [Doc. No. 12-3] (reciting procedural history – first motion for judicial review filed May 3, 2017; second

motion for judicial review filed March 27, 2020).[4] As such, those motions do not afford Petitioner the benefit of any statutory tolling. *See Fisher*, 262 F.3d at 1142-43.[5]

Finally, Petitioner objects to the Magistrate Judge's finding that no grounds exist upon which to allow equitable tolling of the limitations period. The Magistrate Judge found: "Petitioner makes no argument that he is entitled to equitable tolling." R&R at 9-10. Contrary to the Magistrate Judge's finding, and as Petitioner correctly points out, in responding to the Motion to Dismiss, Petitioner expressly addressed the issue of equitable tolling. *See* Resp. [Doc. No. 16] at 10-12.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling is a rare remedy to be applied in unusual circumstances" and "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due

---

[4] Both motions for judicial review were denied. *See id*.

[5] Petitioner appears to argue that his case was effectively "reopened" by the filing of his motions for judicial review and, therefore, that the motions for judicial review count as part of the direct review process. *See, e.g.*, Petitioner's Obj. at 19-20, 22. He purports to equate the matter, procedurally, to the granting of an appeal out of time. *Id*. at 20. Petitioner, however, cites no authority in support of this argument and otherwise acknowledges that "982a is *unquestionably a collateral review* for the purposes of tolling under AEDPA." Obj. at 14 (emphasis added). Moreover, in *Kholi*, the Supreme Court held that a motion for judicial review under Rhode Island law, similar to that contemplated under Okla. Stat. tit. 22, § 982a, seeks collateral relief under 28 U.S.C. § 2244(d)(2) and is not "part of the direct review process." *Kholi*, 562 U.S. at 548. And the Tenth Circuit has held, in an unpublished decision, that the sentence modification procedure under § 982a "is not part of the direct review process under Oklahoma law." *Williams v. Beck*, 115 F. App'x 32, 33 (10th Cir. 2004). For these reasons, Petitioner fails to demonstrate his motions for judicial review operate as a reopening of the direct review of his conviction.

diligence." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (internal quotation marks and citations omitted). Assuming, without deciding, that Petitioner has established diligence, he fails to demonstrate any extraordinary circumstance stood in his way. The Tenth Circuit has identified types of extraordinary circumstances in which equitable tolling may be warranted. *See, e.g., Loftis v. Chrisman*, 812 F.3d 1268, 1272-1276 (10th Cir. 2016) (addressing unique filing impediments and other procedural issues faced by petitioner that prevented timely filing of his federal habeas petition). Here, however, any delays attendant to Petitioner's pursuit of relief in state court under § 982a did not prevent Petitioner from timely filing a petition for federal habeas relief – protective or otherwise. *See Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005) (recognizing that a prisoner may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). In this regard, the Court finds significant the fact that Petitioner's habeas petition does not raise any challenges dependent upon the relief he sought in the § 982a proceedings. Instead, his challenges arise from *McGirt* and the state court's alleged lack of jurisdiction.

In sum, having conducted a de novo review, the Court concurs with the findings and recommendations of the Magistrate Judge that the Petition is untimely. For the additional reasons set forth, neither statutory nor equitable tolling render the Petition timely filed.

The Court must further consider Respondent's objection to the R&R, requesting that the Petition be dismissed with prejudice. Upon review, the Court finds Respondent's objection has merit and dismissal of a § 2254 habeas petition as untimely should be with prejudice. *See* Respondent's Obj. at 2 citing, inter alia, *Brown v. Roberts*, 177 F. App'x

774, 778 (10th Cir. 2006) ("Dismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as "second or successive" petitions subject to the heightened requirements of § 2244(b)."); *see also Lee v. Crow*, No. CIV-20-950-SLP, 2021 WL 736898 at *4 & n. 6 (W.D. Okla. Feb. 25, 2021) ("A dismissal on grounds the Petition is untimely should be with prejudice.").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED to the extent it finds the Petition is untimely and Respondent's Motion to Dismiss [Doc. No. 11] is GRANTED.  The Petition [Doc. No. 1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the Petition is time-barred and that Petitioner has not demonstrated any circumstances excusing the untimeliness of his Petition.  The Court therefore denies a COA.

IT IS SO ORDERED this 23rd day of May, 2022.

                                                                                      **SCOTT L. PALK**
                                                                                      **UNITED STATES DISTRICT JUDGE**